ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 JUL 25 PM 4: 23
CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RONALD G. AYTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 312-080 |
| | ) | |
| ANNETTE TOBY, Deputy Warden of Security, and FNU MCCLOUD, Unit Manager, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned case pursuant to 42 U.S.C. § 1983 concerning conditions in his cell during his stay at Telfair State Prison in Helena, Georgia. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). The case is presently before the Court on Defendants' Motion to Dismiss and Plaintiff's Motion to Continue Proceedings.[1] (Doc. nos. 9, 14.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED**, (doc. no. 9), that Plaintiff's Motion to Continue Proceedings be **DENIED**, (doc. no. 14), that Plaintiff's Motion for Summary Judgment be **DENIED AS MOOT**, (doc. no. 17), that Plaintiff's Complaint be **DISMISSED**, that a final judgment be **ENTERED** in favor of Defendants, and that this civil action be **CLOSED**.

---

[1]While styled and docketed as a motion, Plaintiff's Motion to Continue Proceedings is in fact a "response to [D]efendants' motion to dismiss," in which Plaintiff opposes Defendants' motion and requests that his Complaint not be dismissed. (Doc. no. 14, p. 1; doc. no. 15, pp. 1, 4.)

## I. BACKGROUND

According to Plaintiff, on March 3, 2012, during "routine inspection," Defendant McCloud came to his cell, and Plaintiff requested a grievance concerning cell conditions that he had purportedly complained about for one week with no corrective action taken, i.e. "a toilet leaking feces and water, [] live wires hanging from the ceiling[,] and no lights period." (Doc. no. 1, p. 5.) Plaintiff avers that Defendant McCloud "ignored [him] and moved on to the next cell." (Id.) Plaintiff also alleges that Defendant Toby "did the same thing every inspection because she would follow behind [Defendant] McCloud, but she would always close [his] visor to [his] cell window to add to the cruelness of the already ignorant action of ignoring [him]." (Id.)

Plaintiff reports that a cell mate who complained about the conditions was moved, but Plaintiff remained in the cell for another three to four weeks. (Id.) Plaintiff asserts that, in total, he was in the cell with these conditions for "over 30 days." (Id. at 3.) According to Plaintiff, the leaking toilet caused mildew and mold to develop "all over" his cell, from which he "caught a bacteria rash in [his] head" for which he had to receive medical attention on March 19, 2012. (Id. at 5.) Plaintiff also alleges that the "lack of light at night damaged [his] eyes" and he "had to get another eye exam and different glasses because of it."[2] (Id.) Plaintiff seeks monetary damages. (Id. at 6.)

Because Plaintiff filed this case as a prisoner proceeding IFP, the Court screened his

---

[2]Plaintiff also included, with his Complaint, an informal grievance, a formal grievance, and an appeal response concerning the allegations in his Complaint. (See doc. no. 1-1.) The appeal response provides that on April 17, 2012, "the toilet was replaced along with the light fixture," and that "Security staff have been recently re-instructed on the importance of submitting maintenance work orders at the time maintenance issues are identified." (Id. at 1.)

2

Complaint pursuant to 28 U.S.C. §§ 1915(e) & 1915A. Based on the allegations in his Complaint, the Court directed service of process on Defendants. (Doc. no. 6.)

## II. DISCUSSION

Defendants argue that Plaintiff's Complaint should be dismissed for failure to state a claim, Plaintiff has failed to demonstrate sufficient physical injury to obtain damages, and Defendants are entitled to qualified immunity. (See generally doc. no. 9-1.) In opposition, Plaintiff re-alleges the facts regarding the conditions of his confinement and ignores Defendants' argument for qualified immunity. (See generally doc. nos. 14, 15.) Dismissal is warranted because, as explained below, the Court finds that Defendants are entitled to qualified immunity.

### A. Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The court must accept as true all facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). The court, however, need not accept the complaint's legal conclusions as true, only its well-pled facts. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

Furthermore, a claim should not be dismissed if the facts alleged in the complaint are sufficient to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. With these principles in mind, the Court turns its attention to the instant motion to dismiss.

### B. Defendants Are Entitled to Qualified Immunity

Defendants contend they are entitled to qualified immunity because they were acting within the scope of their discretionary authority as "employees of the Georgia Department of Corrections" and because "the rights [asserted by Plaintiff], particularly with the facilitation of a repair in a relatively short period of time, were not sufficiently defined such that the unconstitutionality of these Defendants' conduct was clearly established." (Doc. no. 9-1, pp. 17-18.) While Plaintiff does not address Defendants' qualified immunity argument in his response, he asserts generally that Defendants' conduct deprived him of the "minimal civilized measure of life's necessities," Rhodes v. Chapman, 452 U.S. 337, 347 (1981), and that their conduct violated the Standard Operating Procedures of the Georgia Department of Corrections. (Doc. no. 15, pp. 2-3.)

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)); Townsend v. Jefferson County, 601 F.3d 1152, 1157 (11th Cir. 2010). For an official's acts to be within his or her discretionary authority, they must be "(1) undertaken pursuant to the performance of [his or her] duties and (2) within the scope of [his or her] authority." Jones v. City of Atlanta, 192 F. App'x 894, 897 (11th Cir. 2006) (punctuation omitted) (quoting Lenz v. Winburn, 51

4

F.3d 1540, 1545 (11th Cir. 1995)). If the defendant shows that he or she was acting within his or her discretionary authority, then "the plaintiff must show that: (1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." Townsend, 601 F.3d at 1158 (punctuation omitted) (quoting Holloman ex. rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir. 2004)). Put another way, a motion to dismiss raising the defense of qualified immunity "will be granted if the 'complaint fails to allege the violation of a clearly established constitutional right.'" St. George v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir. 2002) (quoting Chesser v. Sparks, 248 F.3d 1117, 1121 (11th Cir. 2001)).

Furthermore, "[a] right is clearly established if, in light of already-existing law, the unlawfulness of the conduct is apparent, and if a constitutional rule applies with obvious clarity to give an official fair warning that violating that right is actionable." Bennett v. Hendrix, 423 F.3d 1247, 1255 (11th Cir. 2005) (internal citations omitted). "If reasonable public officials could differ on the lawfulness of a defendant's actions, the defendant is entitled to qualified immunity." Storck v. City of Coral Springs, 354 F.3d 1307, 1314 (11th Cir. 2003). Also, the Eleventh Circuit has held: "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decision of the United States Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." Jenkins by Hall v. Talladega City Bd. of Educ., 115 F.3d 821, 826 n.4 (11th Cir. 1997).

Here, Defendants have satisfied the threshold requirement of showing that they were acting within the scope of their discretionary authority, as they were each on duty as state prison employees during the relevant time period, a point which Plaintiff does not dispute. See Lenz, 51 F.3d at 1545. Accordingly, the Court must determine whether the Complaint alleges the

5

violation of a constitutional right which was clearly established at the time of the violation. St. George, 285 F.3d at 1337; Townsend, 601 F.3d at 1158. The Court is not required to analyze these requirements in any particular order, and may exercise its discretion to find that qualified immunity attaches based on Plaintiff's failure to show clear establishment of the right without first finding that Plaintiff has stated a claim for the violation of that right. Pearson, 555 U.S. at 236.

Defendants are entitled to qualified immunity because the right at issue was not clearly established at the time of the alleged violation. The Court is mindful of the well-established and longstanding rule that deliberate indifference to a prisoner's health and safety violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, this principle is not automatically dispositive of the qualified immunity analysis required here, as the determination of "whether a constitutional right was clearly established 'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" Vinyard v. Wilson, 311 F.3d 1340, 1349-50 (11th Cir. 2002) (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001), *overruled on other grounds by* Pearson, 555 U.S. at 236). Factually similar cases from the relevant jurisdictions may be material to this determination, though prior cases need not demonstrate the unlawfulness of the challenged conduct in the exact same factual circumstance for qualified immunity to be overcome. See Hope v. Pelzer, 536 U.S. 730, 739 (2002). Rather, the issue here is whether the state of the law as of early 2012 gave Defendants fair warning that failing to have a leaking toilet and a nonfunctional light fixture with exposed wires repaired for about a month and a half was unconstitutional. See id. at 741. Such warning may be found in light of prior case law or where the conduct at issue "was so obviously at the core of what the [Eighth] Amendment prohibits"

that any reasonable officer would know it was unlawful. Vinyard, 311 F.3d at 1355 (quoting Lee v. Ferraro, 284 F.3d 1188, 1190 (11th Cir. 2002)).

First, Plaintiff has not shown, and the Court is not aware of, any case in the United States Supreme Court, Eleventh Circuit Court of Appeals, or Supreme Court of Georgia in which a court has determined conduct to be unconstitutional in these factual circumstances.[3] Indeed, Plaintiff only cites two cases in his response, both to articulate the general standard for stating a conditions of confinement claim under the Eighth Amendment. (See doc. no. 15, p. 3 (citing Tillery, 907 F.2d at 426; Wilson v. Seiter, 501 U.S. 294, 297-99 (1991).)

Yet, in the most factually-analogous case decided by one of the above courts, the Eleventh Circuit affirmed the district court's dismissal of a complaint based on conditions in a cell, which included a malfunctioning toilet that overflowed several times over the course of eighteen days. See Alfred v. Bryant, 378 F. App'x 977 (11th Cir. 2010) (*per curiam*). The court in that case noted that "having to use a toilet which lacks proper water pressure and occasionally overflows is unpleasant but not necessarily unconstitutional." Id. at 980. Accordingly, the court concluded that the conditions at issue – the lack of a mattress and a malfunctioning toilet – were not "sufficiently serious to violate the Eighth Amendment." Id. (quoting Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004)).

It is true that Alfred is factually distinguishable, because "[a]ny unsanitary conditions caused by the toilet [] were mitigated by the provision of cleaning supplies to [the plaintiff],"

---

[3] Additionally, "[o]fficials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision." Davis v. Scherer, 468 U.S. 183, 194 (1984). Thus, Plaintiff's assertion that Defendants violated unspecified provisions of the Standard Operating Procedure of the Georgia Department of Corrections has no bearing on the qualified immunity analysis.

id., while Plaintiff here does not allege being provided any such supplies. Still, Alfred did not establish that any particular conditions or conduct by prison officials would be unconstitutional; it merely identified conditions that did not rise to the level of a constitutional violation. Moreover, the court relied in part on Hamm v. DeKalb County, 774 F.2d 1567, 1574-76 (11th Cir. 1985), in which the Eleventh Circuit held that the totality of the alleged conditions in that case – inadequate medical care, unsanitary food service, and periodically sleeping on an unsanitary food table or a dirty mattress on the floor – did not violate the Constitution. Alfred, 378 F. App'x at 980. The court also cited favorably a Seventh Circuit decision in which no constitutional violation was found where an inmate stayed 28 days in a "filthy, roach-infested cell without toilet paper for five days or soap, a toothbrush and toothpaste for ten days."[4] Id. (citing Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988)). Accordingly, Alfred certainly did not put Defendants on notice that their behavior would violate the Eighth Amendment.

Finally, in the absence of clearly established case law on point, the Court must ask whether Defendants' conduct was so obviously at the very core of what the Eighth Amendment prohibits that any reasonable officer would know it was unlawful. See Lee, 284 F.3d at 1199. The Eleventh Circuit has made the following clear in conditions of confinement cases, however:

> Determining when overall conditions of confinement are "sufficiently serious" to violate the constitution demands a fact-intensive analysis. It involves the application of vague "contemporary standards of decency" to an amorphous

---

[4] The court also concluded that the prisoner plaintiff's alleged injuries – stiffness, lower back pain, headaches, vomiting, constipation, grief, anxiety, distress, and fear – failed to indicate that the challenged conditions constituted "an unreasonable risk of serious damage to his health or safety." Alfred, 378 F. App'x at 980 (quoting Chandler, 379 F.3d at 1289) (internal quotation marks omitted). As Defendants observe, Plaintiff's purported injuries, a rash and the need for new eyeglasses, are not "substantially dissimilar" to those in Alfred, (doc. no. 9-1, p. 7), and thus fail to lead to a conclusion that the conditions in his cell constituted an unreasonable risk of serious damage to his health or safety.

8

> collection of circumstances, and it is often a very difficult task for a court to perform. Absent a court ruling, we would expect a reasonable government official to "know" that overall conditions of confinement are clearly unconstitutional only in a truly extreme case.

Jordan v. Doe, 38 F.3d 1559, 1567 (11th Cir. 1994). Here, with these principles in mind and especially given the temporary duration of Plaintiff's exposure, the Court finds that the conditions described in Plaintiff's Complaint are not so "truly extreme" to put a reasonable official on notice of their unconstitutionality in the absence of a direct holding. Id.

Moreover, even if the conditions at issue arguably crossed that threshold, it is not clearly established that Defendants' conduct here with respect to those conditions would violate the Eighth Amendment. To exhibit deliberate indifference in violation of the Eighth Amendment, prison officials must not only have subjective knowledge of a risk of serious harm, but they must also disregard that risk by conduct that is more than gross negligence. See Goebert v. Lee County, 510 F.3d 1312, 1326-27 (11th Cir. 2007). As Defendants note, the grievance materials Plaintiff submitted with his Complaint show that the conditions in his cell were repaired on April 17, 2012. (See doc. no. 1-1.) Accordingly, it is not clearly established that this mere delay of a few weeks in having the toilet and light fixture in Plaintiff's cell repaired constituted anything more than negligence. Cf. Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1029 (11th Cir. 2001) (allegation that jailer did "absolutely nothing to alleviate" dangerous conditions, "despite repeated warnings and recommendations for how conditions could be improved," showed a violation of the Eighth Amendment).

In short, because the existing law in effect at the time of the events giving rise to this action would not make it apparent to a reasonable officer that the conduct described in Plaintiff's Complaint would violate an inmate's constitutional rights, Defendants are entitled

to qualified immunity, and their motion to dismiss should be granted.

## III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED**, (doc. no. 9), that Plaintiff's Motion to Continue Proceedings be **DENIED**, (doc. no. 14), that Plaintiff's Motion for Summary Judgment be **DENIED AS MOOT**,[5] (doc. no. 17), that Plaintiff's Complaint be **DISMISSED**, that a final judgment be **ENTERED** in favor of Defendants, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 25th day of July, 2013, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

---

[5] Even if Plaintiff's Motion for Summary Judgment were not subject to denial as moot based on the Court's recommendation that Defendants' Motion to Dismiss be granted, the motion would still be due to be denied because it wholly fails to comply with the Local Rules. Pursuant to Local Rule 56.1, a motion for summary judgment must be supported by "a separate, short, and concise statement of the material facts as to which it is contended there exists no genuine dispute to be tried as well as any conclusions of law thereof." Plaintiff's one-paragraph motion contains no such statement, and, on this basis alone, would be due to be summarily denied. See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979) (per curiam) (holding that failure to comply with the Local Rules may result in summary denial of a motion). In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.